# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| IN RE: Bair Hugger Forced Air Warming Products Liability Litigation | MDL No. 15-2666 (JNE/FLN) |
| This Document Relates to All Actions.<br><br>**PLAINTIFF(S)**<br>Wanda Harris<br><br>**VS.**<br><br>**3M COMPANY AND ARIZANT HEALTHCARE, INC.** | **AMENDED EXHIBIT B TO PRETRIAL ORDER #8 – FIRST AMENDED MASTER SHORT FORM COMPLAINT AND JURY TRIAL DEMAND** |

1. Plaintiff, Wanda Harris, states and brings this civil action in MDL No. 15-2666, entitled *In Re: Bair Hugger Forced Air Warming Products Liability Litigation*. Plaintiff(s) [is/are] filing this Short Form Complaint as permitted by Pretrial Order #8 of this Court.

**PARTIES, JURISDICTION AND VENUE**

2. Plaintiff, Wanda Harris, is a resident and citizen of the State of Kansas and claims damages as set forth below.

3. Plaintiff's Spouse, n/a, is a resident and citizen of the State of n/a, and claims damages as set forth below. *[Cross out Spousal Claim if not applicable.]*

4. Jurisdiction is proper based upon diversity of Citizenship.

5. Proper Venue: The District Court in which remand trial is proper and where

this Complaint would have been filed absent the direct filing order by this Court is Kansas District Court.

6. Plaintiff brings this action *[check the applicable designation]*:

☑ On behalf of [himself/herself];

☐ In a representative capacity as the ____________________ of the ____________________ having been duly appointed as the ____________________ by the ________________Court of ____________________. A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent. *[Cross out if not applicable.]*

**FACTUAL ALLEGATIONS**

7. On or about March 28, 2005, Plaintiff underwent surgery during which the Bair Hugger Forced Air Warming system (hereinafter "Bair Hugger") was used during the course and scope of [his/her] Left total knee arthroplasty [Type of Surgery] at the Providence Medical Center, 8929 Parallel Pkwy., [medical center and address], in Kansas City, KS 66112 [city and state], by Dr. Mark Maguire.

8. Contaminants introduced into Plaintiff's open surgical wound as a direct and proximate result of use of the Bair Hugger during the subject surgery resulted in Plaintiff developing a periprosthetic joint infection ("PJI"), also known as a deep joint infection ("DJI"). The Pathogen identified was COAGULASE-NEGATIVE STAPH (***if known***).

9. As a result of Plaintiff's infection caused by the Bair Hugger, Plaintiff has undergone explant, antibiotic spacer, and revision [Describe treatment(s) received, e.g., revision arthroplasty, wound vac treatment, multiple staged procedures, etc.] on or about November 17, 2005 and July 3, 2006, at University of Kansas Hospital Kansas City, KS 66160 [medical center(s) and address(es)] by Dr(s). Kelly Hendricks. [*Cross out if not applicable.]*

**ALLEGATIONS AS TO INJURIES**

10. (a) Plaintiff claims damages as a result of (check all that are applicable):

☑ INJURY TO HERSELF/HIMSELF

☐ INJURY TO THE PERSON REPRESENTED

☐ WRONGFUL DEATH

☐ SURVIVORSHIP ACTION

☑ ECONOMIC LOSS

(b) Plaintiff's spouse claims damages as a result of (check all that are applicable): [*Cross out if not applicable.]*

☐ LOSS OF SERVICES

☐ LOSS OF CONSORTIUM

11. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

**DEFENDANT-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY**

12. The following claims and allegations are asserted by Plaintiff(s) and are herein adopted by reference (check all that are applicable):

☑ FIRST CAUSE OF ACTION - NEGLIGENCE;

☑ SECOND CAUSE OF ACTION - STRICT LIABILITY;

- ☑ FAILURE TO WARN
- ☑ DEFECTIVE DESIGN AND MANUFACTURE

☑ THIRD CAUSE OF ACTION – BREACH OF EXPRESS WARRANTY;

☑ FOURTH CAUSE OF ACTION- BREACH OF IMPLIED WARRANTY OF MERCHANTBILITY LAW OF THE STATE OF Kansas, Kan. Stat. Ann. §§ 84-2-314, et seq.;

☑ FIFTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA PREVENTION OF CONSUMER FRAUD ACT;

☑ SIXTH CAUSE OF ACTION – VIOLATION OF THE MINNESOTA DECEPTIVE TRADE PRACTICES ACT;

☑ SEVENTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA UNLAWFUL TRADE PRACTICES ACT;

☑ EIGHTH CAUSE OF ACTION- VIOLATION OF THE MINNESOTA FALSE ADVERTISING ACT;

☑ NINTH CAUSE OF ACTION- CONSUMER FRAUD AND/OR UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER LAW OF THE STATE OF Kansas, Kan. Stat. Ann. §§ 50-623, et seq. ;

☑ TENTH CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION;

☑ ELEVENTH CAUSE OF ACTION- FRAUDULENT MISREPRESENTATION;

☑ TWELFTH CAUSE OF ACTION – FRAUDULENT CONCEALMENT;

☐ THIRTEENTH CAUSE OF ACTION – LOSS OF CONSORTIUM; and

☑ FOURTEENTH CAUSE OF ACTION – UNJUST ENRICHMENT.

In addition to the above, Plaintiff(s) assert the following additional causes of action under applicable state law:

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________.

*[Cross out if not applicable.]*

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff(s) pray for judgment against Defendants as follows:

1. For compensatory damages;
2. Pre-judgment and post-judgment interest;
3. Statutory damages and relief of the state whose laws will govern this action;
4. Costs and expenses of this litigation;
5. Reasonable attorneys' fees and costs as provided by law;
6. Equitable relief in the nature of disgorgement;
7. Restitution of remedy Defendants' unjust enrichment; and
8. All other relief as the Court deems necessary, just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff(s) hereby demand(s) a trial by jury as to all claims in Complaint so triable.

Dated: 7/7/2017

Respectfully submitted,
BROWN AND CROUPPEN, P.C.
/s/ Seth Sharrock Webb
SETH SHARROCK WEBB, # 51236
211 N. Broadway, Suite 1600
St. Louis, Missouri 63102
sethw@getbc.com
ATTORNEY FOR PLAINTIFF