**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **PABLO ARJONA**<br><br>Plaintiff,<br><br>v.<br><br>**3M COMPANY and ARIZANT HEALTHCARE, INC., *et al.*,**<br><br>Defendants. | **No. 0:25-cv-01497**<br><br>**District Judge Joan N. Ericksen**<br><br>**Magistrate Judge David T. Schultz** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

COMES NOW Plaintiff Pablo Arjona and respectfully moves the Court pursuant to Rule 15 of the Federal Rules of Civil Procedure for leave to file Plaintiff's First Amended Complaint. Proposed versions of the First Amended Complaint are attached hereto as Exhibit 1 (clean) and Exhibit 2 (redlined).[1]

## INTRODUCTION

Despite this matter's posture as a case not yet selected for workup in the remand Group process, Defendants filed a Rule 12(c) motion for judgment on the pleadings arguing that based on the allegations in Mr. Arjona Short Form Complaint, his claims were all time-

[1] Pursuant to Local Rule 15.1(b), Plaintiff has attached a "(1) copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows – through redlining, underlining, strikeouts, or other similarly effective typographic methods – how the proposed amended pleading differs from the operative pleading." As Plaintiff only filed a Short Form Complaint in accordance with PTO 8, at ¶ 4 (*In RE: Bair Hugger Forced Air Warming Prods. Liab. Litig.*, 15-md-2666, ECF No. 46), the redlined proposed amended complaint is based off the Master Complaint.

barred under the applicable Kansas statutes of limitations. Defendants further argued that Plaintiff failed to plead facts sufficient to establish fraudulent concealment tolling in either the Master Complaint or her Short Form Complaint. But the MDL Master Complaint, and the associated Short Form Complaint, were purely administrative and were not intended to be the conclusion of substantive pleadings in individual cases direct-filed in the MDL pursuant to Pretrial Order No. 5.[2]

Because a scheduling order has not yet been entered in this matter nor a deadline set for amended pleadings, Plaintiff seeks leave to file the attached First Amended Complaint to conform to the claims of the Plaintiff to applicable state law and to add allegations that were uncovered during discovery in the MDL, including, but not limited to, allegations pertinent to the timeliness inquiry regarding Defendants' affirmative actions to fraudulently conceal its wrongful conduct from Plaintiff and her healthcare providers.

The proposed amended complaint attached to this instant motion (a) maintains the same causes of action and (b) names the same Defendants from the original complaint. Plaintiff's claims are subject to the substantive law of Kansas and in his Short Form Complaint, Plaintiff designated the District of Kansas as the jurisdiction "in which remand trial is proper and where this Complaint would have been filed absent the direct filing order" of this Court. *See* Short Form Complaint (ECF No. 1); *see also In RE: Bair Hugger Forced Air Warming Prods. Liab. Litig.*, 15-md-2666, PTO No. 5 (ECF No. 37) (setting

---

[2] As evidenced by Scheduling Orders entered in the remanded matters, it is apparent that the Court anticipates allowing amendments pursuant to forthcoming scheduling orders once matters are selected for remand. *See* Exhibits 3 and 4 (Group 1 and Group 2 Scheduling Orders).

forth the direct filing procedure). Therefore, Plaintiff is incorporating pleading requirements and references to the pertinent state law statutes from this jurisdiction, where necessary, to promote efficiency for the Court.

Plaintiff has sought consent from the Defendants to allow the filing of the First Amended Complaint without the need to seek Court approval; however, Defendants have refused to give such consent. Defendants have provided no new arguments or support for the refusal, nor any justification why the Plaintiff here should have less of a right to amend than the plaintiffs selected for workup in the remand Group process. Accordingly, Plaintiff seeks leave of the Court to amend the complaint. This request should be granted for the reasons set forth below.

## **STANDARD**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15. In *Foman v. Davis,* 371 U.S. 178, 182 (1962), the Supreme Court instructed that leave to amend shall be "freely given" and that "this mandate is to be heeded." "Regarding this liberal amendment standard, the Supreme Court has held that '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test her claim on the merits.'" *In re EpiPen Direct Purchaser Litig*., No. 20-cv-00827, 2021 WL 4892231, at *2 (D. Minn. Oct. 20, 2021) (quoting *Foman*, 371 U.S. at 182). A district court may deny a party's request for leave to amend only "if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008)).

## ARGUMENT

Plaintiff filed his Short Form Complaint in the MDL on April 16, 2025. ECF No. 1. This limited option was an administrative device, ordered by this Court as part of the MDL process. *In RE: Bair Hugger Forced Air Warming Prods. Liab. Litig.*, 15-md-2666, PTO 8, ECF No. 46, at 1 (stating "Plaintiffs have filed a Master Long Form Complaint and a Master Short Form Complaint *as administrative devices* to set forth potential claims detailed in the Master Long Form Complaint that individual Plaintiffs may assert against Defendants in this litigation.") (emphasis added). Plaintiff seeks to amend his complaint, for the first time, to put forth: (1) the appropriate facts and relevant state law specific to his claims; (2) add facts learned during discovery in the MDL, regarding Defendants' fraudulent concealment of the safety and efficacy of the Bair Hugger; and (3) to not be restricted to the minimal information that was permitted by the Short Form Complaint and outdated Master Complaint.

First, there is no undue delay, dilatory motive, or bad faith by Plaintiff. Plaintiff is not a remand case, and therefore, there is no deadline for a motion to amend the pleadings in this case and discovery is stayed. Despite this, Defendants proceeded to file a Rule 12(c) motion challenging the pleadings in Plaintiff's case. Plaintiff is filing this motion for leave to amend in direct response to Defendants' motion. In addition, the fact that Plaintiff is filing a motion after Defendants have already filed a pretrial motion does not make the

motion untimely. *See In re EpiPen Direct Purchaser Litig.*, 2021 WL 4892231 at *4. Plaintiff is seeking this amendment to promote efficiency for the Court so that the case may proceed more effectively on the merits and avoid the unnecessary Rule 12(c) motion filed by Defendants. Consistent with the liberal standard that applies to motions to amend under Rule 15(a)(2), the Court should therefore grant Plaintiff's motion.

To the extent that Defendants somehow argue that the deadline to amend complaints in the MDL has passed, the master pleadings amendment deadline passed prior to this case being filed in the first place and said deadline for amendment in the MDL was only for the administrative Master Complaint and Master Short Form Complaint, not for specific plaintiffs. *See In RE: Bair Hugger Forced Air Warming Prods. Liab. Litig.*, 15-md-2666, PTO 4, ECF No. 27 at ¶¶ 3, 7, 16 (scheduling order setting a deadline of April 29, 2016, for filing and serving the Master Long Form and Master Short Form Complaints; July 29, 2016, for amending the Master Long Form and Master Short Form Complaints without leave of Court; and April 21, 2017, for filing motions to amend the Master Long Form and Master Short Form Complaints to include punitive damage claims); *see also*, PTO 17, ECF No. 175 at ¶¶ 4, 11 (amended scheduling order). Defendants cannot justifiably argue that a deadline for a Plaintiff has passed prior to the plaintiff even filing the required short form complaint. Such a reading would be nonsensical and inconsistent with this Court's ongoing process related to remanding cases.

Furthermore, PTO 8 specifically states: "[a]ll Plaintiffs *have the express right to file and serve an Amended Complaint*, upon the showing required by the relevant Federal Rules of Civil Procedure and any applicable court order, regardless of selection for bellwether

consideration, which more fully sets forth the facts specific to their case, the causes of action and allegations against Defendants and theories of liability alleged." *In re: Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 15-md-2666, PTO 8, ECF No. 46 at ¶ 6 (emphasis added). In the recent scheduling orders for the Group 1 and Group 2 remand cases, the Magistrate Judge Schultz set deadlines for remand cases to file amended complaints. *See* Exhibits 3 and 4 ("Pursuant to PTO 8, any plaintiff wishing to amend their operative complaint shall serve and file an amended complaint…").[3] It would be unjust to allow remand plaintiffs to file amended complaints while simultaneously not allowing a non-remand plaintiff, such as Plaintiff, to file an amended complaint, especially when there is a pending Rule 12(c) motion.

Defendants will also not be prejudiced by the proposed amendments. To establish prejudice, an "opposing party must demonstrate that the amendment will interfere with its ability to prove its case, that the amendment offers a new theory of recovery after the case has been substantially developed, or that the amendment would necessitate additional discovery." *In re Genetically Modified Rice Litig.*, No. 4:06-md-1811, 2010 WL 3522301, at *1 (D. Minn. Sept. 2, 2010). Defendants cannot claim prejudice because the proposed amendment will not interfere with their ability to prove their case, nor does the amendment offer a new theory of recovery.

---

[3] The Group 1 and Group 2 scheduling orders further provide that the amended complaint "shall **NOT** include a claim for punitive damages. Motions to add a claim for punitive damages may be brought at the close of discovery as part of dispositive motion practice." *See* Exhibits 3 & 4 (emphasis in original). In keeping with these scheduling orders, Plaintiff has not included a claim for punitive damages in the proposed amended complaint.

Defendants have been aware of the facts related to their defective product for at least 12 years. The first complaint against Defendants alleging a defective Bair Hugger product was filed in 2013 and, after additional cases were filed in district courts across the country, the matter was transferred to the MDL Court in the District of Minnesota in 2015. The facts that pertain to Plaintiff are specific to his experiences and his injuries; however, those injuries, and the alleged cause of them, are well known to the Defendants. Nor can Defendants claim lack of notice regarding the fraudulent concealment tolling allegations. These allegations outline Defendants' own affirmative actions which were uncovered by plaintiffs during the discovery process. Defendants cannot somehow assert that the addition of these allegations interferes with their ability to prove their case. And these facts certainly do not constitute a new theory of recovery. Many other state cases with similar complaints have been filed in the past years similar to Plaintiff's proposed amended complaint, including complaints with similar fraudulent concealment and/or tolling allegations. Courts in other districts have granted similar requests. *See* Exhibit 5 – Order Granting leave to Amend Complaint in *Boncher v. 3M Co.*, 5:24-cv-01403, ECF No. 62 (E.D. Pa. Sept. 17, 2024); Exhibit 6 – Amended Complaint in *Boncher v. 3M Co.*, 5:24-cv-01403, ECF No. 63 (E.D. Pa. Sept. 20, 2024); Exhibit 7 – Order Granting leave to Amend in *Finley v. 3M Co.*, 6:24-cv-01672, ECF No. 54 (D.S.C. Dec. 3, 2024); Exhibit 8 – Amended Complaint in *Finley v. 3M Co.*, 6:24-cv-01672, ECF No. 56 (D.S.C. Dec. 10, 2024).

Defendants are not prejudiced or caught off guard, as no new, unknown facts are pled. Additionally, the case specific discovery in this litigation is stayed, as Plaintiff is not a bellwether or remand case. The proposed amended complaint does not involve the

addition of any new defendants or raise any new legal theories. *See* Exhibit 1. Thus, no prejudice against Defendants would result in allowing the amendment under these circumstances. "The party opposing amendment bears a heavy burden to demonstrate that the amendment will create undue prejudice." *In re Lutheran Broth. Variable Ins. Prods. Co. Sales Practices Litig*., No. 99-md-1309, 2002 WL 31371945, at *6 (D. Minn. Oct. 10, 2007). Defendants here cannot carry that heavy burden.

Finally, Plaintiff's request to file an amended complaint is not futile as Plaintiff has alleged sufficient facts to state a claim for relief that is facially plausible when the alleged facts, and all reasonable inferences thereon, are viewed in a light most favorable to Plaintiff. The primary difference between the Master and Short Form Complaint filed in the MDL and the proposed amended complaint herein is the inclusion of details specific to Mr. Arjona's circumstances and state specific pleading requirements. The general factual assertions and allegations related to the Defendants' defective product are similar and updated since the Master Complaint was filed in 2016. Defendants cannot argue futility; the proposed amended complaint contains many more facts and details than the Master Complaint in the MDL which the Defendants never once asserted was deficient. Mr. Arjona's has also added detailed allegations of Defendants' affirmative acts to fraudulently conceal the safety and efficacy of the Bair Hugger from Plaintiff and her physicians. As such, the proposed amended complaint has sufficiently plead allegations of discovery rule and fraudulent concealment under Kansas law.

Where the proposed amendment is not clearly futile, denying leave to amend on this ground is highly improper. A motion to amend is futile if the pleading "will not be able to

withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *In re EpiPen Direct Purchaser Litig.*, 2021 WL 4892231 at *7. "[G]enerally courts may not weigh the substance of the proposed amended pleadings to the same extent as would be appropriate on a Rule 12(b)(6) Motion. If a claim is not frivolous, arguments directed at the substance of a claim are not appropriate." *Schlief v. Nu-Source, Inc.*, No. 10-4477, 2011 WL 13140709, at *1 (D. Minn. Aug. 22, 2011) (internal citations omitted). The proposed amended complaint includes sufficient facts and evidence, supported by the relevant state law, such that it would withstand a motion to dismiss under Rule 12(b)(6) and 12(c), and thus is not futile. As stated above, Defendants bear the burden of proving the amendment would be futile, and Defendants cannot carry that burden since a similar complaint was filed in the MDL and similar amendments have been filed in other courts.

The interests of justice and judicial economy will undoubtedly be served by having all allegations properly before this Court as set forth in Plaintiff's proposed amended complaint prior to addressing the Rule 12(c) challenges that Defendants have filed. Accordingly, in the interest of justice, this Court should grant Plaintiff's motion for leave to file the proposed amended complaint. Granting this motion is particularly appropriate here, given both the clear absence of any substantial reason to deny leave to amend and the Court's scheduling orders in cases selected for remand that allow such amendment of pleadings prior to motion practice.

## CONCLUSION

For the reasons identified above, Plaintiff Pablo Arjona. requests that the Court grant her motion for leave to file the proposed amended complaint.

Dated: January 20, 2026

Respectfully submitted,

*/s/ Cliff Walston*
Cliff Walston

**Walston, PC**
4411 San Felipe Street
Suite 600
Houston, TX 77027
cliff@walstonlegal.com
(713) 300-9600
***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

I, Clifford Walston, hereby certify that on January 20, 2026, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification to all counsel of record.

*/s/ Cliff Walston*
Cliff Walston